## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Gwendolyn Scott

September 28, 1994

Case No. (Criminal) 85221

By Judge Arthur B. Vieregg, Jr.

In this case, the Commonwealth charged the defendant, Gwendolyn Scott, with the offense of welfare fraud in violation of Virginia Code §§ 63.1-112 and 63.1-124. The case was tried before the Court on August 30, 1994. At the conclusion of the evidence and after counsel's arguments, the Court requested briefs from counsel and took the case under advisement. After considering the timely brief filed on behalf of the defendant, the Court is prepared to decide this case.

Section 63.1-112 requires welfare recipients to report a change in the circumstances upon which their receipt of welfare was based. Section 62.1-112 states, in part:

> § 63.1-112. *Notification of change in circumstances.* — If at any time during the continuance of assistance, there shall occur *any change*, including but not limited to, the possession of any property or the receipt of regular income by the recipient, *in the circumstances upon which current eligibility or amount of assistance were determined, which would materially affect such determination, it shall be the duty of such recipient immediately to notify the local board department of such change* . . . .
>
> Any recipient who knows or reasonably should know that such change in circumstances will materially affect his eligibility for assistance or the amount thereof and willfully fails to comply with the provisions of this section shall be guilty of a violation of § 63.1-124.

(Emphasis added.)

At trial, the Commonwealth proved that Scott qualified for welfare; that she was apprised of her reporting duties under § 63.1-112; that she subsequently obtained employment as a housekeeper at the Paul Springs Retirement Community; and that she failed to report either this employment or the receipt of income from it to the local board of public welfare.

The arguments of counsel at trial focused upon whether the Commonwealth had proved Scott's receipt of income and whether the Commonwealth could introduce Scott's time cards at the retirement center as evidence of her receipt of income.

The Commonwealth called James Williamson as a witness with respect to Scott's receipt of income. He testified that Scott worked under his supervision as a part-time employee; that he distributed pay envelopes to employees working under his supervision on a bi-monthly basis; that he had regularly handed such envelopes to Scott; and that her starting salary had been $5.35 per hour (although it had later been raised). He also authenticated Scott's time cards showing that she regularly worked between 35 and 40 hours per week between July, 1992, and May, 1993.

Despite the foregoing testimony, however, the Commonwealth inexplicably failed to prove the income received by Scott while working at the Paul Springs Retirement Community. No bookkeeper was called to prove the pay checks delivered to and cashed by Scott. Upon cross-examination, Williamson testified that he had never looked in Scott's pay envelopes to confirm her receipt of pay checks.

In the face of this flaw in the Commonwealth's case, the Commonwealth argued at trial that the receipt of income was proved by circumstantial evidence, including Scott's work at the retirement center and her receipt of envelopes which customarily contain pay checks. Scott argued that proof of actual *payment* of such income was necessary before she could be convicted of welfare fraud. Scott also argued that her objection to the introduction of the Retirement Community's time cards for Scott should have been sustained on the basis that the best evidence rule precluded the introduction of the cards to prove the specific wages received by Scott.

This Court rejects Scott's argument that in order to establish her guilt, the Commonwealth was bound to prove the income actually received by Scott as a housekeeper at the retirement community. While proof of unreported income is one basis for a finding of guilt under § 63.1-124, the failure to report any circumstances which would materially affect the de-

termination of the public welfare board that a recipient is entitled to income may constitute the basis for guilt under this statute.[1] Accordingly, the Commonwealth's proof that Scott had obtained a job, had regularly worked at that job, and was entitled to receive income for her work demonstrates that such reportable circumstances exist. The evidence at trial showed that those circumstances occurred and that Scott had failed to notify her local board of them.

For the foregoing reasons, the Court concludes that the Commonwealth's evidence established Scott's guilt of welfare fraud beyond a reasonable doubt. Sentencing will occur on October 28, 1994, at 10:00 a.m.

---

[1] Although the Court is dubious that Scott's best evidence argument is meritorious, *see* 60 Am. Jur. 2d, *Payment*, §§ 190, 1005, the time cards were admissible to demonstrate other reportable circumstances separate and apart from the fact of payment; for instance, that Scott was regularly working at the Retirement Community and therefore entitled to receive income.